UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew S. Harris, #157334, | ) | |
| | ) | |
| Petitioner; | ) | C/A No.  6:12-3462-DCN-KFM |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Mr. Willie L. Eagleton, Warden | ) | |
|  of Evans Corr. Inst., SCDC; | ) | |
| SC Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Background of this Case

Petitioner is an inmate at the Evans Correctional Institution of the South

Carolina Department of Corrections.   In the above-captioned habeas corpus action,

Petitioner indicates that he is filing his habeas petition pursuant to 28 U.S.C. § 2241(d) and

Local Civil Rule 83.VIII.06 DSC.

The Lexington County grand jury indicted Petitioner at the April 10, 1989,

term of court for murder (89-GS-32-626).  On April 17–18, 1989, a trial jury convicted

Petitioner of murder, and he received a sentence of life imprisonment. The South Carolina

Supreme Court affirmed Petitioner's original conviction on direct appeal.  *See State v.*

*Harris*, No. 90-MO-175 (S.C. July 2, 1990).

Petitioner's motion for post-conviction relief ("PCR") resulted in a new trial,

but, upon re-trial on July 8–10, 1998, the jury again convicted Petitioner of murder, and

Petitioner again received a life sentence.  Petitioner timely served and filed a notice of

appeal, and, on April 17, 2000, the South Carolina Supreme Court affirmed Petitioner's

conviction in a published opinion.  *See State v. Harris*, 530 S.E.2d 626 (S.C. 2000).  The court denied Petitioner's timely petition for rehearing on May 11, 2000, and sent the remittitur to the Lexington County Clerk of Court on the same date.

On October 3, 2000, Petitioner filed a *pro se* PCR application challenging his conviction and sentence.  By order filed May 22, 2002, the PCR judge denied relief and dismissed the application with prejudice.  Petitioner again timely filed and served a notice of appeal.  The South Carolina Supreme Court filed an order on December 3, 2003, granting certiorari.  However, by unpublished order filed November 22, 2004, it dismissed the writ of certiorari as improvidently granted and sent the remittitur to the Lexington County Clerk of Court on December 9, 2004.

Petitioner filed a second PCR application on November 22, 2005, which the PCR judge dismissed by order filed October 14, 2008.  Petitioner noticed an appeal, which appeal the South Carolina Supreme Court dismissed on February 5, 2009.

Petitioner filed a petition for habeas corpus in the Lexington County Court of Common Pleas on November 5, 2009.  After the court entered an order of dismissal on June 8, 2011, Petitioner moved to alter or amend the judgment, which the court denied. The South Carolina Court of Appeals denied Petitioner's appeal request, and the Lexington court received its remittitur on April 12, 2012.

Petitioner states that he also filed a petition for habeas corpus on June 27, 2012, with the South Carolina Supreme Court, which the court denied on August 14, 2012. Petitioner moved for rehearing, which the court denied by order dated September 21, 2012.

Petitioner raises five grounds in the § 2241 Petition:  (1) the State presented insufficient evidence to establish the elements of the offense; (2) Petitioner was denied the right to an impartial trial because one juror admitted predetermining to vote with the majority in spite of her reasonable doubt; (3) the trial judge committed multiple errors during the trial; (4) Petitioner was denied the right to put up witnesses and evidence; and (5) the general sessions court lacked subject matter jurisdiction over Petitioner's second trial.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n.7 (1980) (per curiam); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972).  Even under this less stringent standard, the § 2241 Petition is subject to summary dismissal because it is a successive petition.

With respect to his convictions, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or § 2254, which can be sought only after he has exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241).

The styling or captioning of the Petition as a § 2241 Petition will not enable this Court to address Petitioner's § 2254 claims. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), *cited in Ferrell v. Warden of Lieber Corr. Inst.*, C/A No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted*, 2010 WL 3258295 (D.S.C. Aug. 16, 2010)[1]; *cf. Gregory v. Coleman*, 218 F. App'x 266, 267 n.1 (4th Cir. 2007) (noting disagreements among other United States Courts of Appeals as to whether § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction).

Moreover, the claims raised by Petitioner in the above-captioned case are successive § 2254 claims. In *Matthew Harris v. Warden Eagleton*, C/A No. 6:05-cv-0228-DCN ("*Harris I*"), Petitioner, on January 24, 2005, brought a § 2254 habeas corpus action with respect to his conviction entered in the Lexington County Court of General Sessions on July 10, 1998, and paid the five-dollar ($5) filing fee. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). After the respondents filed a motion for summary judgment on July 12, 2005, Magistrate Judge William M. Catoe (now retired), on July 14,

---

[1]    *Thomas v. Crosby*, *supra*, was also cited by the Honorable Henry F. Floyd, (then) United States District Judge, in *Rochester v. Reynolds*, C/A No. 8:10-1879-HFF-BHH, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (collecting cases), *appeal dismissed*, 412 F. App'x. 571 (4th Cir. 2011).

2005, issued a *Roseboro*[2] order to apprise Petitioner of the dispositive motion procedure.

Petitioner responded on July 22, 2005, and on July 25, 2005, filed a motion to remand to

state court and to stay petition for writ of habeas corpus.  In turn, on August 4, 2005, the

respondents filed a response in opposition to Petitioner's motions, to which Petitioner filed

a reply on August 11, 2005.  By Report and Recommendation filed on December 22, 2005,

Magistrate Judge Catoe recommended that Petitioner's motion for stay of petition and for

remand to state court be denied, and that the respondents' motion for summary judgment

be granted.

Judge Catoe apprised the parties in *Harris I* of their right to file timely written

objections to the Report and Recommendation and of the serious consequences of a

failure to do so.  Petitioner filed timely written objections on January 6, 2006.  In an order

filed in *Harris I* on January 19, 2006, David C. Norton, United States District Judge,

adopted the Report and Recommendation, denied Petitioner's motion for stay of petition

and remand to state court, and granted the respondents' motion for summary judgment.

Petitioner did not appeal the judgment in *Harris I.*

The standard for determining whether a petition is successive appears in

*Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior

petition must have been adjudicated on the merits).  Because the Court decided *Harris I*

by summary judgment, the Petition in the above-captioned case (C/A No. 6:12-3462-DCN-

KFM) is successive.  When a petitioner has previously litigated a § 2254 petition, he or she

must, "[b]efore a second or successive application permitted by this section is filed in the

---

[2]    *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

district court, . . . move in the appropriate court of appeals for an order authorizing the

district court to consider the application."   28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9,

Rules Governing Section 2254 Cases in the United States District Court ("Before

presenting a second or successive petition, the petitioner must obtain an order from the

appropriate court of appeals authorizing the district court to consider the petition as

required by 28 U.S.C. § 2243(b)(3) and (4).").

　　　　　There is no indication in the present Petition that Petitioner has sought leave

from the United States Court of Appeals for the Fourth Circuit to file the Petition in the

above-captioned case.   Leave from the United States Court of Appeals for the Fourth

Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996

for filers of successive § 2254 petitions.   *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)

("Under the AEDPA, an individual may not file a second or successive § 2254 petition for

a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving

permission to do so from the appropriate circuit court of appeals.").

　　　　　On December 1, 2009, the Rules governing Section 2254 and 2255 cases

in the United States District Courts were amended to require that a district court issue or

deny a certificate of appealability when a final ruling on a post-conviction petition is issued.

*See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts

("The district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant."). A certificate of appealability should be denied in the above-captioned case because Petitioner is raising successive § 2254 claims.

Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring Respondents to file an Answer or return. It is also recommended that the District Court deny a Certificate of Appealability.

January 2, 2013                                          s/ Kevin F. McDonald
Greenville, South Carolina                               United States Magistrate Judge


*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina  29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).